## CLAY v. McKEEN.

Under a contract that a certain debt is to be paid when a horse is sold by agreement, the creditor may bring an action at any time within six years after a sale made without his knowledge or consent.

If an item of an agreed account is not payable at a specified time, an action brought thereon more than six years after the date of the agreement is barred by the statute of limitations.

ASSUMPSIT. Writ dated May 9, 1894. Plea, the statute of limitations. Facts found by a referee. September 20, 1872, the parties settled the accounts between them, and signed an agreement upon the plaintiff's account book in the following terms : " Sept. 20, 1872. Settled all accounts except the charge of July 28th, 1870, of $142.40 for the horse, and the charge August 3, 1872, for $32.50 = $174.90 due I. E. Clay and interest on the same, and found due W. McKeen not reckoning the above $20.93.— Horse to be paid for when sold by agreement." The defendant bought the horse mentioned in the agreement of a third person, and the plaintiff paid for it, July 28, 1870, at the defendant's request. The defendant sold the horse in 1890 without the plaintiff's knowledge. Previous to the sale he had two opportunities to dispose of it to good advantage, but urged the plaintiff to allow him to keep it, and the plaintiff consented. The referee allowed the plaintiff both items due him under the agreement; and judgment was ordered upon the report, subject to the defendant's exception.

*Fred B. Osgood*, for the plaintiff.

*Seth W. Fife* (of Maine), for the defendant.

CHASE, J. By the terms of the contract, the defendant was to pay the plaintiff the sum advanced for the horse, with interest, when the horse was sold by agreement. Whether a refusal or neglect to sell when there was a reasonable opportunity for a sale and the plaintiff requested one to be made, would be a breach of the contract entitling the plaintiff to an action, need not be considered, for no such state of facts appears. When opportunities for a sale occurred the plaintiff, at the solicitation of the defendant, consented that it should be deferred. Although the plaintiff did not agree to the sale of 1890, he has ratified it by bringing this action. The plaintiff's cause of action in respect to this matter did not accrue until the sale, and as the action was begun within six years thereafter-

ward, it is not barred by the statute of limitations. P. S., *c.* 217, *s.* 3.

The charge of August 3, 1872, for $32.50, was not payable at a specified time. The plaintiff might have brought an action upon it at any time after the date of the agreement. It was therefore barred by the statute of limitations when this action was begun. *Odlin* v. *Greenleaf*, 3 N. H. 270.

The judgment should be modified to conform to these views.

*Exception sustained.*

CLARK, J., did not sit: the others concurred.